NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000130
17-JUN-2024
08:13 AM
Dkt. 63 SO**

NO. CAAP-23-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

J.S., Plaintiff-Appellee,
v.
K.R., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV201008563)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant K.R. (**Mother**) appeals from the

Decision and Order Granting in Part and Denying in Part

Plaintiff's Motion and Declaration for Pre-Decree Relief, filed

on April 13, 2022, and Defendant's Motion and Declaration for

Post-Decree Relief filed on June 30, 2022 (**Decision and Order**),

entered by the Family Court of the First Circuit (**family court**)

on February 21, 2023.[1] Pursuant to its Decision and Order, the family court, *inter alia*, awarded joint legal custody of the three children (**Children**) to Mother and Plaintiff-Appellee J.S. (**Father**), and sole physical custody to Father.[2] The family court entered its Findings of Fact and Conclusions of Law on May 12, 2023.

On appeal, Mother raises three points of error: (1) "[t]he alleged error committed by the court failed to determine proper actions regarding the criteria and procedure in awarding custody and visitations; for the best interest of the children"; (2) "[t]he alleged error committed by the court failed to enforce [Hawaii Revised Statutes (**HRS**)] § 571-46"; and (3) "[t]he alleged error committed by the court failed to follow Chapter 626 of the Hawaii Rules of Evidence (**HRE**), Rule 702."

At the outset, we note that Mother's points of error and arguments are nearly indiscernible. From what we are able to discern,[3] Mother appears to contend that, given the evidence presented by six witnesses at the hearing on January 30, 2023,

---

[1] The Honorable Maria F. Penn presided.

[2] Mother and Father are both self-represented on appeal. Father did not file an answering brief.

[3] We will address Mother's arguments to the extent we can discern them, as we endeavor to afford "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).

the family court erred in its custody ruling.[4]  She contends that "[t]he court and agency failed to enforce HRS § 571-46 and failed to follow Chapter 626 of the Hawaii Rules of Evidence [(**HRE**)] Rule 702."[5]  With regard to HRS § 571-46 (2018),[6] Mother argues that "[t]he best interest for the parties['] three minors was overlooked with the concerns that were brought forth to the courts."

---

[4]     The family court awarded joint legal custody of the Children to Mother and Father, with Father having tie-breaking authority.  Mother does not specifically argue that the family court's award of tie-breaking authority to Father was erroneous.  The family court awarded sole physical custody of the children to Father.  The family court set a timesharing schedule that it found to be in the children's best interests that included overnight and weekend visits with Mother.

[5]     Mother does not make any argument as to how HRE 702 was violated. An appellate court "may disregard a particular contention if the appellant makes no discernible argument in support of that position."  In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (cleaned up).

[6]     HRS § 571-46(a) states, in pertinent part,

> In actions for divorce . . . where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper.  In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:

> (1) Custody should be awarded to either parent or to both parents according to the best interests of the child, and the court also may consider frequent, continuing, and meaningful contact of each parent with the child unless the court finds that a parent is unable to act in the best interest of the child[.]

Id.  HRS § 571-46(b) sets forth factors that "the court shall consider, but not be limited to," "[i]n determining what constitutes the best interest of the child[.]"

The record reflects that the family court considered and made conclusions of law regarding the best interests of the Children as follows,

> 6.    Pursuant to the factors enumerated in HRS §571-46(b), it is in the children's best interest that the parties be awarded joint legal custody of the minor children:  X.R. (born 2015), Y.R. (born 2016), and K.R. (born 2018), with Father having tie-breaking authority.
>
> 7.    Pursuant to the factors set forth in HRS §571-46(b), it is in the children's best interest that the parties continue to communicate through Talking Parents of any major decisions that need to be made for a child as soon as possible after learning of the issue that needs to be decided.  Each party shall provide the other parent with substantive input concerning the issue to be decided.  The parties shall then discuss the issue through Talking Parents.  If the parties are unable to reach a mutual decision concerning the issue, then Father shall have final decision-making authority.  However, Father shall not be authorized to make a unilateral decision with a significant financial cost and expect Mother to pay for a portion of the expense.  In addition, Father shall not be allowed to make unilateral decisions that would affect Mother's time with the children.
>
> 8.    The parties shall continue to keep each other informed of all matters concerning the children through Talking Parents, including but not limited to the children's schedules, medical and dental appointments, etc.  Mother shall continue to have direct access to the children's educational and medical/dental records.
>
> 9.    There are concerns that Mother has encouraged K.R. to make sexual assault allegations against Father's stepson even though the allegations have been repeatedly unconfirmed and there is no credible history or evidence that such abuse occurred.  Encouraging a child to repeatedly make such allegations can be a form of emotional abuse.  Although the Court is not making such a finding against Mother, if future allegations are again made and are again not confirmed, the Court will consider making such a finding against Mother in the future.
>
> In addition, the Court is concerned that even though the sexual assault allegations involving K.R. have been repeatedly unconfirmed, Mother continues to still try to label K.R. as a "victim", which is not in the child's best interest.
>
> Pursuant to the factors set forth in HRS §571-46(b) and after considering the evidence presented and having taken judicial notice of the records and files in

4

> this case and all related cases, the Court finds that it is in the children's best interest that Father be awarded sole physical custody of the parties' three (3) minor children, subject to Mother's timesharing schedule.[7]

In reaching these unchallenged conclusions,[8] the family court exercised its discretion in weighing the evidence, including the testimony of the witnesses and the parties. Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact.") (cleaned up).

On this record, we conclude that the family court sufficiently considered the factors set forth in HRS § 571-46, including the best interests of the Children, in its custody ruling. The circuit court did not abuse its discretion in awarding joint legal custody, with tie-breaking authority to

---

[7] The family court also found that it would be in the Children's best interests to continue with their individual therapy. However, given that "there was insufficient evidence to establish and/or confirm that any of the three children were sexually assaulted[,]" and "[t]he Honolulu Police Department, Child Welfare Services, and Children's Justice Center have not confirmed any such allegations[,]" the family court determined that the children would not need to continue with individual therapy at the Sex Abuse Treatment Center.

[8] Mother does not specifically challenge any of the family court's findings of fact and conclusions of law. Unchallenged findings of fact and conclusions of law are binding upon this court. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002) ("unchallenged factual findings are deemed to be binding on appeal"); Alvarez Fam. Tr. v. Ass'n of Apartment Owners of Kaanapali Alii, 121 Hawaiʻi 474, 489, 221 P.3d 452, 467 (2009) ("It is also well-settled that all unchallenged conclusions by the circuit court are considered binding upon this court.") (citations omitted).

Father, and sole physical custody to Father. Id. ("Generally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.")

For the foregoing reasons, we affirm the family court's Decision and Order Granting in Part and Denying in Part Plaintiff's Motion and Declaration for Pre-Decree Relief, filed on April 13, 2022 and Defendant's Motion and Declaration for Post-Decree Relief filed on June 30, 2022, entered on February 21, 2023, and its Findings of Fact and Conclusions of Law, entered on May 12, 2023.

DATED: Honolulu, Hawaiʻi, June 17, 2024.

On the brief:                          /s/ Keith K. Hiraoka
                                       Presiding Judge
K.R.,
Self-represented                       /s/ Clyde J. Wadsworth
Defendant-Appellant.                   Associate Judge

                                       /s/ Kimberly T. Guidry
                                       Associate Judge